UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00601-TBR

RODNEY JEFFERSON                                                                                              Plaintiff,

v.

HYATT CORPORATION OF DELAWARE
d//b/a HYATT REGENCY LOUISVILLE,                                                                   Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the motion to remand of Plaintiff Rodney Jefferson, (Docket No. 5), to which Defendant Hyatt Corporation has responded, (Docket No. 7). Jefferson has filed no reply, and the time for doing so has elapsed. Fully briefed, the matter stands ripe for adjudication. For the reasons set forth below, the Court will GRANT Jefferson's motion.

**Factual Background**

Jefferson, formerly a Hyatt employee, originally filed his complaint in the Circuit Court of Jefferson County, Kentucky, alleging that Hyatt engaged in race discrimination and retaliatory discharge in violation of the Kentucky Civil Rights Act, KRS § 344.010 *et seq*. (Docket No. 1-1.) He seeks an unspecified sum of damages to compensate for past and future lost wages and benefits, emotional distress, mental anguish, humiliation, and embarrassment. The complaint indicates that although the amount in controversy exceeded the jurisdictional minimum of the Jefferson Circuit Court, it totaled less than $75,000.00. (Docket No. 1-1 at ¶ 4.)

Hyatt timely removed the matter to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket No. 1.) Jefferson then filed the instant motion to remand, alleging that the amount in controversy does not exceed $75,000.00. (Docket No. 5.) With his motion, he included a stipulation signed by his counsel asserting that he "will not seek or accept an award of damages in excess

1

of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief," (Docket No. 5-1) (emphasis in original).

Hyatt contests Jefferson's assessment of damages, arguing that the reasonable value of Jefferson's claims exceeded $75,000.00 at the time of removal. Hyatt further contends that Jefferson's post-removal stipulation does not constitute an unequivocal statement limiting damages and other relief to $75,000 or less.

**Analysis**

Generally, a civil case brought in a state court may be removed by a defendant to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. § 1441, 1446. A federal district court enjoys "diversity" jurisdiction over all civil actions between parties who are "citizens of different States" so long as "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a)(1). The parties do not dispute that their citizenships are diverse; therefore, complete diversity is satisfied. Therefore, the Court confronts two issues: first, whether the reasonable value of Jefferson's claims exceeded $75,000 at the time of removal, and second, whether his post-removal stipulation destroyed the $75,000 threshold amount for diversity jurisdiction. The Court will consider each question in turn.

Federal jurisdiction in a diversity case is determined at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Because federal courts are of limited jurisdiction, any ambiguities or doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. The defendant bears the burden of demonstrating that removal was proper. Should the defendant fail to make the requisite showing, the federal court lacks subject matter jurisdiction to hear the case. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)).

The Kentucky Rules of Civil Procedure disallow plaintiffs from articulating in their complaint the specific amount that they seek to recover. *See* Ky. R. Civ. P. 8.01(2) ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court . . . ."). This rule presents federal courts sitting in the Commonwealth with a familiar issue: when state court complaints are removed to federal court, they do not articulate a specific amount of monetary relief requested. What is more, Kentucky's procedural rules allow plaintiffs to recover more in damages than what they seek in their complaints. *See* Ky. R. Civ. P. 54.03 ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."). Accordingly, even if a plaintiff could state the amount of damages he seeks in his complaint, this figure would not necessarily limit the ultimate award—often leaving defendants without a clear guidepost as to whether federal jurisdiction might attach.

Congress has recently clarified how the amount in controversy should be established in Kentucky and other jurisdictions where certain procedural rules make the question a cloudy one. The newly amended 28 U.S.C. § 1446 explains that when "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B); *see also Proctor v. Swifty Oil Co., Inc.*, 2012 WL 4593409, at *2 (W.D. Ky. Oct. 1, 2012). Because Hyatt seeks removal, this burden belongs to it. The company must initially demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Should Hyatt satisfy this requirement, the Court will then turn to whether Jefferson's post-removal stipulation defeats federal jurisdiction by unequivocally limiting damages to less than $75,000. *See Jester v. Kenco Logistics Servs., LLC*, No. 3:13-CV-00385-CRS, 2013 WL 6072994 at *1 (W.D. Ky. Nov. 18, 2013).

The Court first notes that although Jefferson's complaint states that he is seeking less than $75,000, this statement itself cannot defeat diversity jurisdiction. Kentucky plaintiffs are afforded substantial flexibility to amend their complaints; as such, Jefferson could choose to increase the amount he seeks as the litigation progresses. *See Cook v. Estate of Moore*, 2012 WL 5398064 (W.D. Ky. Nov. 2, 2012). Moreover, Kentucky Rule of Civil Procedure 8.01(a) allows for only "a short and plain statement . . . showing that the pleader is entitled to relief." "Therefore, Plaintiff's exacting statement in [his] Complaint was not procedurally proper, and could be ignored or amended at a later time in these proceedings." *Cook*, 2012 WL 5398064, at *1.

The Court next turns to the allegations in the notice of removal. "The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Suwala v. Progressive Ins. Co.*, 2005 WL 2076490 (E.D. Ky. 2005) (quoting *Nat'l Rail Corp. v. Moore*, 139 F. Supp. 2d 848, 849 (W.D. Mich. 2001)). In its notice of removal, Hyatt emphasizes that Jefferson seeks back pay and value of past benefits, front pay and value of future benefits, damages for emotional distress, mental anguish, humiliation, and embarrassment, interest, and an award of attorneys' fees and costs. (Docket No. 1 at 3.) In similar employment cases alleging wrongful discharge, lost benefits, and emotional damages, the Court has acknowledged a near certainty that the amount in controversy will exceed $75,000.00. *See, e.g.*, *Proctor v. Swifty Oil Co., Inc.*, 2012 WL 4593409 at *2-3; *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (explaining that in an employment case alleging age and ex discrimination, lost wages, benefits, humiliation, and embarrassment, the defendant could easily demonstrate that the claims were more likely than not to satisfy the jurisdictional threshold).

Despite Jefferson's attempt to thwart federal jurisdiction in his complaint, the Court agrees with Hyatt that the amount in controversy more likely than not exceeds $75,000. As Hyatt notes, Jefferson worked for Hyatt from May 16, 2013, until his termination on April 22, 2014, accumulating 559.5 regular hours. Given his wage of $11.50 per hour, he received regular pay of $6,434.25. (Docket No. 7 at 5.)

Depending on the time of his trial, his claim for past economic loss could amount to between $10,686.20 and $14,665.36. (Docket No. 7 at 5.) Hyatt avers that a conservative front-pay award of one year of Jefferson's salary would total approximately $7,938.32, bringing his total economic loss claim to between $18,624.52 and $22,593.68, depending on the time of trial. Moreover, Hyatt contends that Jefferson's claims of non-economic compensatory damages could exceed the $75,000.00 jurisdictional threshold even independently of his other claims, as the Kentucky Civil Rights Act does not limit the amount of compensatory damages that a plaintiff may recover. *See* KRS § 344.450 (allowing recovery of actual damages and placing no limit upon the amount recoverable). Finally, Hyatt notes that Jefferson seeks attorneys' fees, which it estimates could total $40,000.00 or more, assuming a billable rate of $200.00 per hour with 200 hours billed on the case. (Docket No. 7 at 6.) This amount is not unreasonable. *See, e.g.*, *Johnson v. Pioneer Credit Co.*, No. 1:06-CV-00164-JHM, 2008 WL 2858837, at *1 (awarding attorney fees of $250.00 per hour for 130 hours, totaling $32,725.00 in a Kentucky Civil Rights Act case). Accordingly, the Court is convinced that at least $75,000.00 is at stake in this case.

This determination, however, will not result in the case's remand unless the Court also concludes that Jefferson's post-removal stipulation lacks effect. In his unsworn stipulation, Jefferson's counsel declares that "Plaintiff will not seek or accept an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief." (Docket No. 5-1.) Such post-removal stipulations are generally disfavored: "If the plaintiff were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable.'" *Proctor*, 2012 WL 4593409, at *3 (quoting *Rogers*, 230 F.3d at 872)); *see also Agri-Power, Inc. v. Majestic JC, LLC*, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013). Thus, as the Sixth Circuit advises, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872.

However, where a state prevents a plaintiff from pleading a specific amount of damages—as is the case in Kentucky—and the plaintiff provides specific information about the amount in controversy for

the first time in a stipulation, this district considers such stipulations a *clarification* of the amount in controversy rather than a *reduction* of such. *See, e.g.*, *Proctor*, 2012 WL 4593409, at *3. Accordingly, this Court has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount exceeding $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for diversity jurisdiction. *See, e.g.*, *Agri-Power*, 2013 WL 3280244, at *3-4; *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781-82 (W.D. Ky. 2013). Still, "only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand." *Proctor*, 2012 WL 4593409, at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2dd 774, 778 (W.D. Ky. 2002)).

This Court has recently issued several decisions that guide its analysis here. First, in *Egan v. Premier Scales & Systems*, the plaintiff executed an affidavit stating that she "will accept a sum of $74,990 exclusive of interest and costs as a judgment regardless of what any court finds in excess of that amount." 237 F. Supp. 2d at 775. The Court determined that this statement was less than equivocal, reasoning that the plaintiff had not actually limited the amount of a potential judgment: "To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Id.* at 778.

By contrast, in *Van Etten v. Boston Scientific Corp.*, the plaintiff stated in his motion to remand that he "hereby certifies to the Court that he will not be making a claim nor pursuing damages in amount equal to or exceeding the sum of $75,000.00." No. 3:09-CV-00442-JGH, 2009 WL 3485909, at *1 (W.D. Ky. Oct. 23, 2009). There, the Court found that "[o]n its face, Plaintiff's statement leaves no doubt or out. As such, it does meet the Court's minimum requirement of being an unequivocal stipulation that he will seek less than $75,000 in damages in his complaint." *Id.*; *accord Spence*, 2013 WL 1163991, at *2 (finding unequivocal a plaintiff's stipulation that read, "Plaintiff expressly asserts . . . that Plaintiff will not seek *or accept* an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief." (emphasis in original)). The Court reached the same result in *Agri-Power, Inc. v. Majestic JC, LLC*, in which the plaintiff stipulated that it "seeks to

recover . . . $24,000.00 in compensatory damages, together with punitive damages not to exceed $24,000.00 [and] will not accept an award of damages that exceeds $50,000.00 in total, exclusive of interest and costs." No. 5:13-CV-00046-TBR, 2013 WL 3280244, at *4. Applying these precedents, the Court concluded in *Van Etten* that a plain reading of the plaintiff's stipulation "[left him] little room to escape the bounds of his stipulated restrictions." *Id.*

Here, because Jefferson's stipulation mirrors that of *Spence*, the Court need not depart from its logic. Because "[a] plain reading of the stipulation leaves Plaintiff no room to escape the bounds of its restrictions," *id.*, Jefferson's stipulation effectively constrains his recovery. Although his actual damages may be proven to exceed $75,000, the Kentucky state court will be forced to rely on the stipulation to prevent the award of damages from exceeding the maximum that he stipulated. As the United States Supreme Court recently held, stipulations such as this one are "binding and conclusive . . . and the facts stated are not subject to subsequent variation." *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez*, 561 U.S. 661, 677 (2010) (quoting 83 C.J.S., *Stipulations* § 93 (2000)). Thus, "[s]tipulations must be binding" because they amount to an "express waiver made . . . by the party or his attorney conceding for purposes of the trial the truth of some alleged fact." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1344, 1348 (2013) (quoting 9 J. Wigmore, *Evidence* § 2588, 821 (J. Chadbourn rev. 1981)).

The Court recognizes that a party may, for whatever reason, seek to use the stipulation mechanism as a tactic to avoid federal diversity jurisdiction. Here, however, the Court remains convinced that Jefferson will be limited to recovering an amount not to exceed that set forth in his express stipulation.[1] As the Court has noted, any attempt to void the pledge memorialized in Jefferson's

---

[1] Hyatt correctly notes that in *Proctor v. Swifty Oil Co.*, No. 3:12-CV-00490-TBR, 2012 WL 4593409 (W.D. Ky. Oct. 1, 2012), this Court determined that an identical stipulation was not unequivocal and therefore did not justify remand. *See id.* at *3 ("[S]imply because [Plaintiff] does not 'seek' damages in excess of $75,000 does nothing to prevent[] him from being awarded or collecting damages in excess of the jurisdictional amount."). However, this conclusion has proven a departure from this Court's reasoning when confronted with the same language in other stipulations. *See, e.g., Spence*, 931 F. Supp. 2d, at 782; *Jester*, 2013 WL 6072994, at *2; *Abrams v. Dakkota Integrated Sys.*, No. 3:13-CV-01218-CRS, 2014 WL 2457513, at *2 (W.D. Ky. June 2, 2014). As a sister district

stipulation may be considered sanctionable conduct and may justify re-removal. *See Jester v. Kenco Logistics Servs., LLC*, 2013 WL 6072994, at *2; *VanEtten*, 2009 WL 3485909, at *2.

## Conclusion and Order

In accordance with the above analysis, the Court finds that Hyatt has proved that the amount in controversy more likely than not exceeded $75,000 at the time of removal. However, the Court further concludes that Jefferson's stipulation makes remand appropriate, as it both prevents the Court from exercising subject matter jurisdiction and effectively limits Jefferson's recovery in the state courts.

Accordingly, it is hereby ORDERED that Jefferson's Motion to Remand, (Docket No. 5), is hereby GRANTED. This case is REMANDED to Jefferson Circuit Court.

---

court in this circuit has noted, *Proctor* appears to be "an aberration." *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 782 (E.D. Ky. 2014). Although this Court expressed concern in *Proctor* that the Kentucky Rules allow recovery beyond what is pled, other courts have held that "sufficient safeguards exist to ensure that the plaintiff does not go back to state court and recover more than what they currently stipulate." *Id.* Accordingly, *Proctor* is no longer representative of the Court's position on this matter.